IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. BROOKE MARIE BIBLER, Defendant. | CR-05-174-GF-DLC-RKS-01 **FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

**I. Synopsis**

Defendant Brooke Bibler was accused of violating the conditions of her supervised release by failing to report to her probation officer and by absconding from Montana to Texas, leaving her residence and job, without obtaining permission from or providing notice to her probation officer. She admitted to the violations. Her supervised release should be revoked. She should be ordered into custody for 9 months, with 51 months supervised release to follow. She should be ordered to spend the first six months of her supervised release period in a

1

Residential Re-entry Center.

## II. Status

Ms. Bibler pled guilty in 2006 to Conspiracy to Possess with Intent to Distribute Methamphetamine.  CD 57.  She was sentenced to 80 months incarceration, with 60 months supervised release to follow.  CD 135.  She signed the terms of her supervised release on January 7, 2011.  CD 175.  Ms. Bibler's probation officer met with her in March 2011 to address Ms. Bibler's alleged noncompliance with conditions.  She admitted using alcohol, but her probation officer did not seek revocation at that time.  CD 175.  Another noncompliance hearing was held in January 2013, where Ms. Bibler admitted using marijuana.  Her probation officer did not seek revocation at that time.  CD 175.  She tested positive for marijuana in March 2013, but again her probation officer did not seek revocation.   CD 174.

**Petition**

The United States Probation Office filed a petition on May 13, 2013, seeking revocation of Ms. Bibler's supervised release.  CD 175.  The petition alleged that Ms. Bibler violated two conditions of her supervised release.  It alleged she: 1) was ordered to report to her probation officer on April 29 and May 7, 2013, but failed to report or contact her probation officer on either occasion; and 2) quit her job and

moved out of her apartment in April or May of 2013 without providing her probation officer notice of her intent to do so.  Based on the petition, the undersigned issued a warrant for Ms. Bibler's arrest.  CD 176.

**Initial Appearance**

Ms. Bibler was arrested on June 4, 2013, in the State of New Mexico.  CD 178.  She made an initial appearance before the undersigned on June 20, 2013.  She was accompanied by Federal Defender R. Henry Branom, who was appointed to represent her throughout the case.  Assistant United States Attorney Ryan Weldon represented the United States.  The undersigned discussed the Findings and Recommendations procedure, explaining that the undersigned would hold a revocation hearing, then submit a recommendation to the Hon. Dana L. Christensen, United States District Judge, who would make a determination on revocation and what, if any, sanction to impose.  Ms. Bibler was advised that she may object to the recommendation and has a right to appear and allocute before Judge Christensen.  Ms. Bibler was cautioned that she must properly object to the recommendation within 14 days of its issuance to preserve her right to appear before Judge Christensen.  CD 32.

Ms. Bibler said she had read the petition and understood the allegations.  She waived her right to a preliminary examination.  Mr. Weldon stated that Ms. Bibler

could be ordered to spend as much as 60 months in custody if her supervised release is revoked.  Mr. Branom agreed.  Mr. Branom said he and Ms. Bibler were prepared to proceed immediately to a revocation hearing.  Mr. Weldon was also prepared, so the court proceeded to the revocation hearing.

**Revocation hearing**

Ms. Bibler appeared at the revocation hearing with Mr. Branom.  Mr. Weldon represented the United States.

Ms. Bibler admitted to Violations 1 and 2, as set forth in the petition.  The undersigned found the admission sufficient to establish that Ms. Bibler violated her supervised release conditions, and believes the violations warrant revocation of her supervised release.

The undersigned calculated that Ms. Bibler's violation grade is C.  Her criminal history category is I.  Her underlying conviction is for a Class A felony.  Consequently, she could be ordered to serve up to 60 months in custody and up to five years on supervised release (less any custody time imposed).  The United States Sentencing Guidelines recommend 3 to 9 months imprisonment.  Mr. Branom and Mr. Weldon agreed with those calculations.

Mr. Branom requested a custodial sentence of something less than nine months, with supervised release to follow.  Mr. Branom explained that Ms. Bibler

4

failed to maintain contact with her probation officer only because she traveled out of state for a funeral. In fact, she was arrested for the alleged supervised release violation at the funeral. Mr. Branom said that Ms. Bibler intended to return to Montana after the funeral.

Ms. Bibler addressed the court. She said that she was sorry for her violations. She was particularly sorry to her probation officer, who tried to help her. Ms. Bibler also apologized for breaching the court's trust.

Mr. Weldon requested that Ms. Bibler be ordered to serve 9 months in custody, with supervised release to follow. Mr. Weldon noted that Ms. Bibler's parole officer gave her several chances before seeking revocation. Mr. Weldon agued that the violations were easily avoidable, as Ms. Bibler could have simply requested permission from her probation officer to attend the funeral.

### III. Analysis

Ms. Bibler's supervised release should be revoked based on her admitted violations of two conditions. She should be ordered to serve 9 months in custody, with 51 months supervised release to follow.

A custodial term at the high end of the guideline range is appropriate because Ms. Bibler completely absconded from the state and broke off all contact with her probation officer – a very serious breach of the court's trust. She did so

5

even after the court and her probation officer provided her with numerous warnings and second chances.

A long period of supervised release is necessary to help Ms. Bibler comply with the law for her own benefit, and to protect the community. Ms. Bibler's noncompliance in this instance, particularly after previous noncompliance meetings with her probation officer, persuade the undersigned that Ms. Bibler cannot yet be trusted to comply with the law and with court conditions without supervision.

## IV. Conclusion

Ms. Bibler was advised that the above sentence would be recommended to Judge Christensen. She was reminded of her right to appear and allocute to Judge Christensen, and the need to object to this recommendation within 14 days to ensure that right is preserved.

The court **FINDS:**

1. Ms. Bibler violated Standard Condition 2 of her supervised release by failing to report to her probation officer on April 29 and May 7, 2013.

2. Ms. Bibler violated Standard Condition 6 of her supervised release by changing her place of residence and quitting her job in April or May 2013 without first notifying her probation officer.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Ms. Bibler's supervised release and ordering her into the custody of the United States Bureau of Prisons for nine months, with 51 months supervised release to commence immediately upon her release.

2. Supervised release should include those conditions previously set forth, and the additional condition that Ms. Bibler reside in a residential re-entry facility for the first 180 days.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of June, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge