

**FILED**

JUL 1 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05–174–GF–DLC–RKS |
| Plaintiff, | |
| | ORDER |
| vs. | |
| BROOKE MARIE BIBLER, | |
| Defendant. | |

This case was referred to United States Magistrate Judge Keith Strong for a

revocation hearing and findings and recommendations. Judge Strong entered

findings and recommendations on June 21, 2013. He found that Bibler violated

Standard Condition #2 of her supervised release by failing to report to her

probation officer on April 29 and May 7, 2013, and Bibler violated Standard

Condition #6 by quitting her job and moving out of her apartment in April or May

of 2013 without first notifying her parole officer. Judge Strong recommends that

this Court revoke Bibler's supervised release and commit her to the custody of the

1

United States Bureau of Prisons for a term of imprisonment of 9 months followed by 51 months of supervised release. Judge Strong recommends the first six months of her supervised release be served in a Residential Re-entry Center. No objections have been filed by either party, and Judge Strong's findings and recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's finding that Bibler violated Standard Condition #2 of her supervised release by failing to report to her probation officer on April 29 and May 7, 2013, and Bibler violated Standard Condition #6 by failing to notify her parole officer before changing her residence and employment. Bibler admitted to both violations at the revocation hearing and allocuted before Judge Strong.

The United States Sentencing Guidelines call for 3 to 9 months imprisonment. This Court agrees with Judge Strong that a sentence of 9 months in custody followed by 51 months of supervised release is warranted here because Bibler left the state without notifying her parole officer, which constitutes a significant breach of the court's trust. Even before this incident, Bibler's probation officer has given her repeated warnings and many chances. Yet, Bibler has continued her pattern of noncompliance. A time of imprisonment followed by

supervised release is necessary to impress on Bibler the importance of complying

with her conditions, for her own benefit as well as the protection of the

community. Judge Strong's recommendations will be adopted in full.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc.

183) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 12th day of July, 2013.

Dana L. Christensen, Chief Judge
United States District Court